[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12173

Non-Argument Calendar

_____

TRACY TOPAZ TURNER,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:16-cv-61155-MGC

_____

Before BRANCH, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Tracy Turner, a federal prisoner[1] proceeding through appointed counsel, appeals the district court's denial of his authorized second or successive 28 U.S.C. § 2255 motion. No reversible error has been shown; we affirm.

**I.**

In 1995, Turner was convicted by a jury of conspiracy to possess with intent to distribute crack cocaine and of two counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841 and 846.

Applying the then-mandatory 1994 Sentencing Guidelines, the district court determined -- based on Turner's prior convictions for a "crime of violence"[2] (armed robbery) and a controlled-substance offense -- that Turner qualified as a career offender under

---

[1] In September 2019 -- while the instant section 2255 motion was pending in the district court -- the district court granted Turner's motion for a reduced sentence under section 404 of the First Step Act of 2018. The district court reduced Turner's sentence to credit for time served and six years' supervised release. Turner is now serving his term of supervised release.

[2] At the time of Turner's sentencing, the sentencing guidelines defined "crime of violence" -- for purposes of the career-offender enhancement -- to include a felony offense that "involves conduct that presents a serious potential risk of physical injury to another." *See* U.S.S.G. § 4B1.2(a) (1994).

U.S.S.G. § 4B1.1. Turner's guideline range was calculated as between 360 months and life imprisonment. The district court sentenced Turner to 360 months' imprisonment on each count, to be served concurrently, followed by 10 years of supervised release.

Turner's convictions and sentence were affirmed on direct appeal. Turner's conviction became final when the Supreme Court denied *certiorari* in October 1998. Turner filed his first section 2255 motion in 1999, which the district court denied on the merits.

In 2015, the Supreme Court struck down as unconstitutionally vague the residual clause in the Armed Career Criminal Act's ("ACCA") definition of "violent felony."[3] *See Johnson v. United States*, 576 U.S. 591, 597-602 (2015). The Supreme Court later concluded that *Johnson* applied retroactively to cases on collateral review. *See Welch v. United States*, 578 U.S. 120, 135 (2016).

In 2016, Turner filed *pro se* the section 2255 motion at issue in this appeal: his fourth section 2255 motion. Turner argued -- in the light of the Supreme Court's decision in *Johnson* -- that his Florida conviction for armed robbery no longer qualified as a valid predicate offense for purposes of the career-offender sentencing enhancement in U.S.S.G. § 4B1.1.

A panel of this Court granted Turner leave to file a second or successive section 2255 motion challenging -- pursuant to

---

[3] The ACCA's residual clause defines "violent felony" to include a felony offense that "involves conduct that presents a serious potential risk of physical injury to another." *See* 18 U.S.C. § 924(e)(2)(B).

*Johnson* -- his career-offender sentence under the then-mandatory guidelines. The district court appointed counsel for Turner and stayed the proceedings pending a decision from the Supreme Court in *Beckles v. United States*, 580 U.S. 256 (2017).

In *Beckles*, the Supreme Court concluded that the advisory sentencing guidelines are not subject to a void-for-vagueness challenge under the Due Process Clause. *See Beckles*, 580 U.S. at 263. The Supreme Court thus rejected the argument that the residual clause of the career-offender guideline's definition of "crime of violence" -- as set forth in section 4B1.2(a) -- was void for vagueness. *See id*.

Following the issuance of *Beckles* and supplemental briefing by the parties in this case, a magistrate judge issued a report and recommendation ("R&R"). The magistrate judge recommended that Turner's section 2255 motion be denied on the merits. The magistrate judge concluded that Turner's claim, challenging his mandatory career-offender sentence, was foreclosed by our decision in *In re Griffin*, 823 F.3d 1350 (11th Cir. 2016). In making that ruling, the magistrate judge rejected Turner's arguments (1) that *Griffin* had been abrogated by *Beckles* and (2) that *Griffin* was inapplicable because it was decided in the context of an application for leave to file a second or successive section 2255 motion.

Turner objected to the R&R. The district court overruled Turner's objections and adopted the R&R. The district court

22-12173                Opinion of the Court                5

denied Turner's motion on the merits, concluding that Turner's career-offender sentence was unaffected by *Johnson*.[4]

The district court, however, granted Turner a certificate of appealability on these issues: (1) "whether sentences imposed under the then mandatory pre-*Booker* sentencing guidelines are subject to a vagueness challenge;"[5] and (2) "the precedential weight of published opinions in the context of applications for second or successive motions to vacate."

## II.

When reviewing the denial of a section 2255 motion to vacate, "we review legal conclusions *de novo* and findings of fact for clear error." *See Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (*en banc*).

## A.

The district court concluded properly -- based on our decision in *Griffin* -- that Turner's mandatory career-offender sentence is not subject to a void-for-vagueness challenge under *Johnson*.

---

[4] In the alternative, the district court dismissed Turner's section 2255 motion as untimely because -- although Turner filed his section 2255 motion within one year of the *Johnson* decision -- Turner's argument did not qualify as a *Johnson* claim. Because we conclude that Turner's section 2255 motion fails on the merits, we need not address the district court's alternative ruling about timeliness.

[5] *United States v. Booker*, 543 U.S. 200 (2005).

In *Griffin*, we rejected the same argument now raised by Turner: that *Johnson* invalidated the residual clause of the "crime of violence" definition in the then-mandatory career-offender sentencing guidelines. *See Griffin*, 823 F.3d at 1352-53, 1356. We concluded that "[t]he Guidelines -- whether mandatory or advisory -- cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to assist and limit the discretion of the sentencing judge." *Id*. at 1354.

On appeal, Turner acknowledges that *Griffin* is contrary to his argument challenging his mandatory career-offender sentence. Turner contends, however, that *Griffin* has since been undermined to the point of abrogation by the Supreme Court's decisions in *Beckles* and in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). We disagree.

Under our prior-panel-precedent rule, we are bound by a prior panel's holding "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). "To conclude that we are not bound by a prior holding in light of a Supreme Court case, we must find that the case is 'clearly on point' and that it 'actually abrogates or directly conflicts with, as opposed to merely weakens, the holding of the prior panel." *United States v. Dudley*, 5 F.4th 1249, 1265 (11th Cir. 2021) (brackets omitted).

In *Beckles*, the Supreme Court concluded that the *advisory* sentencing guidelines were not subject to a void-for-vagueness

22-12173                Opinion of the Court                7

challenge.  *See Beckles*, 580 U.S. at 263.  Although *Beckles* touched on the distinction between mandatory and advisory guidelines, *Beckles* neither decided nor addressed squarely whether the vagueness doctrine applies to the pre-*Booker mandatory* guidelines.  For background, see *id*. at 281 n.4 (Sotomayor, J., concurring) (noting that the Court "le[ft] open the question whether defendants sentenced to terms of imprisonment before . . . *Booker* . . . may mount vagueness attacks on their sentences").  Given that *Beckles* took "no position" on whether the mandatory guidelines may be subject to a vagueness challenge, *see id*., we cannot conclude that *Griffin* has been undermined to the point of abrogation by *Beckles*.

Nor has *Griffin* been abrogated by the Supreme Court's decision in *Dimaya*.  In *Dimaya*, the Supreme Court applied *Johnson* to conclude that the residual clause of the "crime of violence" definition in a different criminal statute -- 18 U.S.C. § 16(b) -- was unconstitutionally vague.  *See* 138 S. Ct. at 1210, 1216, 1223.  *Dimaya* involved no vagueness challenge to the sentencing guidelines, mandatory or advisory.

Neither *Beckles* nor *Dimaya* is "clearly on point" or "directly conflicts with" our ruling in *Griffin* that the mandatory sentencing guidelines are not subject to a void-for-vagueness challenge.  *Griffin* thus remains binding precedent.[6]

---

[6] We also reject Turner's argument that *Griffin* was wrong when it was decided.  *See Smith v. GTE Corp*., 236 F.3d 1292, 1303 (11th Cir. 2001) ("[W]e categorically reject any exception to the prior panel precedent rule based upon a

### B.

Turner next contends that the district court violated his due process rights by treating *Griffin* -- a decision issued in a successive-application context -- as binding precedent in the context of his section 2255 proceeding.

Turner acknowledges that his argument is foreclosed by our prior precedent. We have already determined that published three-judge orders issued in the context of an application for leave to file a second or successive section 2255 motion constitute binding precedent. *See United States v. St. Hubert*, 909 F.3d 335, 346 (11th Cir. 2018), *abrogated on other grounds by United States v. Davis*, 132 S. Ct. 2319 (2019), *and United States v. Taylor*, 142 S. Ct. 2015 (2022) (concluding that decisions published "in the context of applications for leave to file second or successive § 2255 motions [are] binding precedent on *all* subsequent panels of this Court, including those reviewing direct appeals and collateral attacks" (emphasis in original)); *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015) ("[O]ur prior-panel-precedent rule applies with equal force as to prior panel decisions published in the context of applications to file second or successive petitions. In other words, published three-judge orders issued under [28 U.S.C.] § 2244(b) are binding precedent in our circuit.").

---

perceived defect in the prior panel's reasoning or analysis as it relates to the law in existence at that time.").

Neither the Supreme Court nor this Court sitting *en banc* has overruled or abrogated our rulings about the precedential value of published decisions issued in the successive-application context. Under our prior-panel-precedent rule, we are bound by our decisions in *St. Hubert* and *Lambrix*.

In sum, *Griffin* remains binding precedent applicable to the section 2255 proceedings in this case. Because *Griffin* forecloses squarely Turner's claim challenging his mandatory career-offender sentence, the district court concluded properly that Turner's claim failed on the merits.

AFFIRMED.